1. INTOXICATING LIQUORS (§ 236*)—CRIMINAL PROSECUTION—ELEMENTS OF OFFENSE.

There can be no conviction of pursuing the business of selling intoxicating liquor in local option territory merely on the proof of two sales, but there must be proof of the following of the business as such.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 300–322; Dec. Dig. § 236.*]

2. CRIMINAL LAW (§ 789*) — BURDEN OF PROOF—REASONABLE DOUBT.

In a prosecution for following the business of selling intoxicating liquors in local option territory, an instruction that if defendant did not engage in the occupation, or if he did not make as many as two sales, or if there is reasonable doubt as to either of these, or of the defendant's guilt, he should be acquitted, is erroneous, placing too great a burden on the defendant; the state being bound to show him guilty beyond a reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1846–1849, 1904–1922, 1960, 1967; Dec. Dig. § 789.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Bill Sain was convicted of pursuing the business and following the occupation of selling intoxicating liquors in local option territory, and he appeals.   Reversed and remanded.

Neyland & Neyland, of Greenville, and T. M. Newsome, of Winnsboro, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.   Appellant was charged with and convicted of pursuing the business and following the occupation of selling intoxicating liquors in local option territory.

[1] Exception was reserved to charges of the court submitting the issues to the jury. Among other things, the court failed to define to the jury what it took to constitute following the occupation or pursuing the business of selling liquors, and instructed the jury that, if the state proved two sales, the jury should convict.   Exception was duly reserved, and properly presents the question for revision.   We have had occasion several times to reverse cases because of the identical question here presented.   We deem it unnecessary to further review that question. Thomas v. State, 147 S. W. 262, and Molthrop v. State, 147 S. W. 1159, recently decided. Opinions in both of these cases have been rendered in the last month.   For this reason the judgment will be reversed and the cause remanded.

[2] There is another question in the case arising on the charge of the court.   That particular clause of the charge reads as follows: "If you believe the defendant did not engage in or pursue the occupation of selling intoxicating liquors in Hunt county, Texas, between the 1st day of June, 1911, and the 5th day of June, 1911; or if you believe he did not make as many as two sales of intoxicating liquors to the parties named in the indictment; or if you have a reasonable doubt as to either of these or as to the defendant's guilt, you will acquit him."   The objection is that this was a charge on the weight of the evidence, and shifts the burden of proof to defendant in using the language "if you do not believe defendant," etc.   Taking this charge as given, in the light of the qualification at the end of the quoted charge, with reference to reasonable doubt, the jury may not have been misled, but it is advisable and better not to use this character of language in instructing the jury.   The jury does not have to believe beyond a reasonable doubt anything except the guilt of the defendant. This character of charge should, in substance and as a matter of law, be given so as to place the reasonable doubt clearly in favor of, and not against, the accused.   The law is that, unless the defendant is shown beyond a reasonable doubt to have followed the business or pursued the occupation, he would not be guilty, and the jury must be clearly charged that the reasonable doubt is always in favor of the defendant.   If this charge had read that, before the accused can be convicted of engaging in or pursuing the occupation of selling intoxicating liquors, the state must show beyond a reasonable doubt that he did so engage, etc., it would have been correct.   We call attention to this matter so that in the future the charge shall clearly and explicitly submit the reasonable doubt so there will be no question in regard to charging this phase of the law.

The judgment is reversed and the cause is remanded.

PRENDERGAST, J.; not sitting.

---

SANDERS v. STATE.

(Court of Criminal Appeals of Texas.   June 19, 1912.)

CRIMINAL LAW (§§ 1063, 1094, 1101*) — APPEAL—DISPOSITION.

An appeal from a conviction must be affirmed, where there is no motion for new trial, no statement of facts, and no bill of exceptions, and where the indictment charges an offense, and the trial court submitted that offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2673, 2676–2684, 2807, 3204; Dec. Dig. §§ 1063, 1094, 1101.*]

Appeal from District Court, Grayson County; J. M. Pearson, Judge.

Pete Sanders was convicted of forgery, and he appeals.   Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J.   Appellant was indicted, tried, and convicted of the offense of forgery,

and his punishment assessed at two years in the penitentiary.

There is no motion for new trial, no statement of facts, nor any bills of exceptions in the record. The indictment charges an offense, and the court submits that offense.

The judgment is affirmed.

DAVIDSON, P. J., not sitting.